UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GRANT ZASTROW, individually and on behalf of all others similarly situated,

          Plaintiff,

      v.

RUGSUSA, LLC,

          Defendant.

CASE NO. 2:25-cv-00472-KKE

**STIPULATED PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Without conceding the relevance of any such documents or that any such documents are responsive to Plaintiff's discovery requests: Defendant's financial information; customer list; internal operating procedures that Defendant deems to be trade secrets or otherwise proprietary such as pricing and marketing strategies; information related to agreements or arrangements with third parties; information on sales volume, revenue, and margin; wholesale sales or sales to retailers; and Defendant's market research on its customers.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)   the receiving party's counsel of record in this action, as well as employees

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-00472-KKE  - 2

of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue,

1  and the filing party shall include this basis in its motion to seal, along with any objection to sealing

2  the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and

3  the standards that will be applied when a party seeks permission from the court to file material

4  under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

5  requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

6  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

7  the strong presumption of public access to the Court's files.

8  5.  DESIGNATING PROTECTED MATERIAL

9      5.1  Exercise of Restraint and Care in Designating Material for Protection. Each party

10  or non-party that designates information or items for protection under this agreement must take

11  care to limit any such designation to specific material that qualifies under the appropriate

12  standards. The designating party must designate for protection only those parts of material,

13  documents, items, or oral or written communications that qualify, so that other portions of the

14  material, documents, items, or communications for which protection is not warranted are not swept

15  unjustifiably within the ambit of this agreement.

16      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

17  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

18  unnecessarily encumber or delay the case development process or to impose unnecessary expenses

19  and burdens on other parties) expose the designating party to sanctions.

20      If it comes to a designating party's attention that information or items that it designated for

21  protection do not qualify for protection, the designating party must promptly notify all other parties

22  that it is withdrawing the mistaken designation.

23      5.2  Manner and Timing of Designations. Except as otherwise provided in this

24  agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or

25  ordered, disclosure or discovery material that qualifies for protection under this agreement must

26  be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

1    burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

2    challenge a confidentiality designation by electing not to mount a challenge promptly after the

3    original designation is disclosed.

4          6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

5    regarding confidential designations without court involvement. Any motion regarding confidential

6    designations or for a protective order must include a certification, in the motion or in a declaration

7    or affidavit, that the movant has engaged in a good faith meet and confer conference with other

8    affected parties in an effort to resolve the dispute without court action. The certification must list

9    the date, manner, and participants to the conference. A good faith effort to confer requires a face-

10   to-face meeting or a telephone conference.

11         6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

12   intervention, the designating party may file and serve a motion to retain confidentiality under Local

13   Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

14   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

15   made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

16   other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

17   the material in question as confidential until the court rules on the challenge.

18   7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

19   <u>LITIGATION</u>

20         If a party is served with a subpoena or a court order issued in other litigation that compels

21   disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

22   must:

23         (a)    promptly notify the designating party in writing and include a copy of the

24   subpoena or court order;

25         (b)    promptly notify in writing the party who caused the subpoena or order to

26   issue in the other litigation that some or all of the material covered by the subpoena or order is

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-00472-KKE  - 6

129331764.1 0082389-00002

subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

1    product, even if such materials contain confidential material.

2    The confidentiality obligations imposed by this agreement shall remain in effect until a

3    designating party agrees otherwise in writing or a court orders otherwise.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    DATED:  June 20, 2025                    *s/via email authorization on 6/19/2025*

3                                             Wright A. Noel, WSBA No. 25264
                                             20 Sixth Ave. NE
4                                             Issaquah WA 98027
                                             Telephone: (425) 395-7786
5                                             Facsimile: (425) 837-5396
                                             wright@carsonnoel.com
6
                                             DOVEL & LUNER, LLP
7                                             201 Santa Monica Blvd., Suite 600
                                             Santa Monica, California 90401
8                                             Telephone: (310) 656-7066
                                             Facsimile: (310) 656-7069
9                                             Christin Cho (Cal. Bar No. 238173)
                                             christin@dovel.com
10                                            Simon C. Franzini (Cal. Bar No. 287631)
                                             simon@dovel.com
11                                            Jonas Jacobson (WA 62890)
                                             jonas@dovel.com
12
13                                            BURSOR & FISHER, P.A.
14                                            Julian Diamond
                                             jdiamond@bursor.com
15                                            Matthew Girardi
                                             mgirardi@bursor.com
16                                            1330 Avenue of the Americas, Floor 32
17                                            New York, NY 10019
                                             Telephone: (646) 837-7150
18
19                                            *Attorneys for Plaintiff Grant Zastrow*

20    DATED:  June 20, 2025                    *s/ Emily L. Vo*
21                                            VORYS, SATER, SEYMOUR AND PEASE
                                             LLP
22                                            Thomas N. McCormick (SBN 325537)
                                             *Admitted pro hac vice*
23                                            tnmccormick@vorys.com
24                                            2211 Michelson Drive, Suite 500
                                             Irvine, CA 92612
25                                            Telephone: (949) 526-7903
                                             Fax: (949) 526-7903
26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-00472-KKE  - 9

1

2    STOEL RIVES LLP
     Timothy W. Snider, WSBA No. 39808
3    760 SW Ninth Ave, Suite 3000
     Portland, OR 97205
4    Telephone: (503) 294-9557
     timothy.snider@stoel.com

5    Emily L. Vo, WSBA No. 62905
     600 University Street, Suite 3600
6    Seattle, WA 98101
     Telephone: (206) 386-7659
7    emily.vo@stoel.com

8    *Attorneys for Defendant RugsUSA, LLC*

9    PURSUANT TO STIPULATION, IT IS SO ORDERED

10   IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

11   documents, electronically stored information (ESI) or information, whether inadvertent or

12   otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

13   state proceeding, constitute a waiver by the producing party of any privilege applicable to those

14   documents, including the attorney-client privilege, attorney work-product protection, or any other

15   privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

16   protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

17   Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

18   of documents, ESI or information (including metadata) for relevance, responsiveness and/or

19   segregation of privileged and/or protected information before production.  Information produced

20   in discovery that is protected as privileged or work product shall be immediately returned to the

21   producing party.

22

23   DATED: June 23, 2025

24

25   Kymberly K. Evanson
     United States District Judge

26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-00472-KKE  - 10

129331764.1 0082389-00002

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3    I, _____ [print or type full name], of

4 _____ [print or type full address], declare under penalty of

5 perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6 issued by the United States District Court for the Western District of Washington on June ___,

7 2025in the case of <u>Grant Zastrow v. RugsUSA, LLC</u>, Case No. 2:25-cv-00472-KKE. I agree to

8 comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

9 and acknowledge that failure to so comply could expose me to sanctions and punishment in the

10 nature of contempt. I solemnly promise that I will not disclose in any manner any information or

11 item that is subject to this Stipulated Protective Order to any person or entity except in strict

12 compliance with the provisions of this Order.

13    I further agree to submit to the jurisdiction of the United States District Court for the

14 Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15 Order, even if such enforcement proceedings occur after termination of this action.

16 Date:_____

17 City and State where sworn and signed:_____

18 Printed name:_____

19 Signature: _____

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-00472-KKE  - 11

129331764.1 0082389-00002