UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRANT ZASTROW, et al., | CASE NO. C25-0472-KKE |
| Plaintiff(s), | ORDER STAYING CASE |
| v. | |
| RUGSUSA, LLC, | |
| Defendant(s). | |

In this putative class action, Plaintiff Grant Zastrow alleges that Defendant RugsUSA, LLC, advertises its products on its website with fictitious and misleading misrepresentations of time-limited discounts. Dkt. No. 1. Zastrow's complaint brings claims for violation of Washington's Consumer Protection Act ("CPA"), breach of contract, breach of express warranty, unjust enrichment, and intentional misrepresentation. *Id*. In brief, Zastrow alleges that he bought a rug from RugsUSA believing false representations as to the rug's original price and the time-limited availability of the discounted price he paid. *Id*. ¶ 5.

RugsUSA filed a motion to dismiss, and both parties' briefing on the sufficiency of the CPA allegations reference *Montes v. Sparc Group, LLC*, No. 2:22-CV-0201-TOR, 2023 WL 4140836 (E.D. Wash. June 22, 2023). *See* Dkt. Nos. 18, 24, 25. In that case, the district court found that the plaintiff had failed to plead an injury cognizable under the CPA, where the defendant listed a product at a discounted price (and yet almost never sold it at full price), noting that plaintiff

ORDER STAYING CASE - 1

had not alleged that the product was not worth the "discounted" price she paid for it. *Montes*, 2023 WL 4140836, at *3.

That case that was appealed to the Ninth Circuit Court of Appeals, which, in May 2025 (the week before RugsUSA filed its motion to dismiss), certified the following question to the Washington Supreme Court:

> When a seller advertises a product's price, coupled with a misrepresentation about the product's discounted price, comparative price, or price history, does a consumer who purchases the product because of the misrepresentation suffer an "injur[y] in his or her business or property" under [the CPA] if the consumer pays the advertised price?

*Montes v. Sparc Grp., LLC,* 136 F.4th 1168, 1169 (9th Cir. 2025). In finding that certification of this question was appropriate, the Ninth Circuit noted that no Washington court had addressed the "precise question" of whether a plaintiff alleging that she would not have purchased an item if she had known that the seller had misrepresented its "original" price and falsely described its price as discounted has stated a cognizable CPA injury. *Id*. at 1171.

In reviewing the parties' briefing on RugsUSA's motion to dismiss, the Court observed that both parties cited the district court order in *Montes*. Notably, Zastrow's opposition brief both attempts to distinguish *Montes* and suggests that RugsUSA's motion should be denied without prejudice to rebriefing depending on the outcome of the *Montes* appeal. *See* Dkt. No. 24 at 12–14.

Recognizing the centrality of *Montes* to the Court's analysis of Zastrow's CPA claim, the Court *sua sponte* ordered the parties to show cause why this case should not be stayed pending the resolution of the *Montes* appeal. "A district court has discretionary power to stay proceedings in its own court[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily

controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).

In determining whether a stay is appropriate, the court weighs the "competing interests which will be affected by the granting or refusal to grant a stay[,]" including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

In this case, RugsUSA consents to a stay:

> [The certified question in *Montes*] is squarely presented by RugsUSA's pending Motion to Dismiss. Resolving the question has the potential to greatly impact the course of this litigation going forward, as it may either dispose of one of Plaintiff Grant Zastrow's ("Plaintiff") main claims for relief or resolve a portion of RugsUSA's Motion to Dismiss. Rather than having the Court expend resources analyzing what the Ninth Circuit has already identified as an unresolved issue of state law, and rather than having the parties engage in costly discovery regarding a claim whose viability is uncertain, RugsUSA submits it is more efficient for the Court and the parties to stay this action and await an answer from the Washington Supreme Court.

Dkt. No. 29 at 1–3 (citation omitted). Zastrow, on the other hand, objects to a stay, contending that because *Montes* only impacts one of his claims (the CPA claim), and because all of his claims are based on the same facts, the scope of discovery would be the same no matter what happens with the CPA claim, and "[i]t would cause needless delay to stay the entire case when the bulk of it will move forward no matter how the Washington Supreme Court rules." Dkt. No. 30 at 4. Moreover, Zastrow contends that he would face an imminent threat of future harm if this case is stayed, because he "wants to purchase Defendant's products but 'has no realistic way to know' whether its advertisements are false." Dkt. No. 30 at 2 (quoting Dkt. No. 1 ¶ 45). Noting that RugsUSA is currently undergoing internal corporate restructuring, Zastrow argues that an

ORDER STAYING CASE - 3

indefinite stay of discovery would also threaten the availability of probative evidence. Dkt. No. 30 at 3.

Here, the Court finds that the inefficiency of going forward with this litigation before the Ninth Circuit completes the *Montes* appeal (whether or not the Washington Supreme Court answers the certified question) outweighs the harm to Zastrow that would result from a stay. Although Zastrow references an email describing discovery as "challenging" due to RugsUSA's internal restructuring, this evidence does not suggest that spoliation or another irreparable discovery setback is imminent. *See* Dkt. No. 31 at 7. Moreover, with respect to Zastrow's inability to rely on RugsUSA's advertising while a stay is pending: this harm is only a temporal extension of the same harm that led Zastrow to file this action in the first place. He would experience a longer version of that same harm if the case is stayed, but this is only a difference of time rather than a distinct harm resulting solely from the stay.

The Court finds that Zastrow's accumulated harms are outweighed by the inefficiencies resulting from going forward with this litigation while awaiting the Ninth Circuit's resolution of the *Montes* appeal, because that ruling that would certainly guide (if not control) this Court's analysis of Zastrow's CPA claim. Indeed, Zastrow's acknowledgement that RugsUSA may be entitled to rebrief a motion to dismiss after the conclusion of the *Montes* appeal reveals how central this case is to the analysis of the CPA claim. Although the CPA claim is not the only claim in Zastrow's complaint, the parties' briefing on the motion to dismiss devotes more argument to it than the other claims, and it is Zastrow's only claim that could entitle him to treble damages, injunctive relief, and attorney's fees. *See* Dkt. No. 1 ¶ 67. Thus, obtaining guidance on what seems to be Zastrow's primary claim from the Washington Supreme Court and/or the Ninth Circuit would promote the orderly course of justice and simplify the resolution of RugsUSA's motion to dismiss.

Because the Court's weighing of the relevant factors suggests that the benefits of a stay outweigh its potential harms, the Court DISCHARGES its order to show cause and STAYS this action, pending resolution of the *Montes* appeal. No later than 14 days after the Ninth Circuit's mandate is issued in *Montes*, the parties shall file a joint status report addressing whether to reactivate RugsUSA's motion to dismiss and to propose a re-briefing schedule (on an agreed or disputed basis) on that motion, if necessary. The clerk is directed to TERMINATE RugsUSA's pending motion to dismiss (Dkt. No. 18), subject to reactivation as described herein.

Dated this 29th day of July, 2025.

Kymberly K. Evanson
United States District Judge